**CENTRAL NATIONAL BANK OF CLEVELAND, Plaintiff-Appellant, v. IRVINE, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24002.   Decided March 7, 1957.

Richard I. Kuhn, for Central National Bank of Cleveland.
Joseph O. Coy, for defendant-appellee.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from an order of the Municipal Court of Cleveland granting a petition to vacate a judgment entered against the defendant on a cognovit note. The court granted the petition to vacate on the ground that the judgment taken was for more than the amount due. It granted defendant leave to plead and returned the case to the docket for trial on the merits. The petition

was filed and the order made upon the authority of §2325.01 et seq, R. C.

The facts show that the defendant purchased a new automobile in September, 1953, and financed the purchase of the automobile by giving plaintiff a cognovit note and chattel mortgage on the automobile in the sum of two thousand dollars. When defendant failed to make his payments, plaintiff repossessed the automobile on February 11, 1955, and took a judgment by virtue of the power of attorney contained in the cognovit note in the amount of $446.31. The defendant testified that he had driven the automobile about 20,000 miles and that the balance due at the time it was repossessed was $1450. This would indicate that the plaintiff sold the automobile under the provisions of the mortgage without foreclosure for about $1,000. The defendant testified in his opinion the automobile was worth between seventeen and eighteen hundred dollars when repossessed.

The petition alleges, in seeking to. vacate the judgment, that the judgment was one growing out of an automobile financing transaction; that the plaintiff repossessed the automobile and sold it to persons unknown at less than its true market value; that the sale was not concluded at the time and place as required by law and that the judgment was taken for more than was due.

By affidavit attached to the petition to vacate, the defendant, in addition to stating facts surrounding the purchase of said automobile, the mortgage given to secure the balance of the purchase, the repossession of the automobile and its sale at a price alleged to be greatly under the market value, states that the plaintiff, in making the resale "did not comply with the Hoffman Act concerning deficiency judgments and is not entitled to any deficiency judgment against the defendant whatsoever." He also stated that the judgment was taken for more than was due.

The brief of the appellant states that there is but one question presented. The question is—does §1319.07 R. C., require that property sold by a chattel mortgagee pursuant thereto be sold at the exact time set forth in the notice of sale sent by chattel mortgagee, in order that chattel mortgagee be entitled to a deficiency judgment?

Notwithstanding this statement, however, the appellant's brief does consider whether or not there is any evidence to support the claim that the judgment was taken for more than was due. In dealing with this point, it must be true that unless it is established that the plaintiff, under the facts, was entitled to a deficiency judgment,. there is not a word of evidence that the judgment exceeded the balance due after crediting the amount received from the sale.

The appellee's brief states that he accepts the facts set forth in the appellant's brief which, in fact, go outside the allegations of the petition and the evidence contained in the bill of exceptions in that it sets forth an alleged date when the automobile was repossessed and the amount realized in the resale.

Sec. 1319.07 R. C., prohibits enforcing a deficiency resulting from the resale of property repossessed under a chattel mortgagee before foreclosure except that:

148

"* * * This section does not apply if the mortgagee, his executors, administrators, successors, or assigns, gives at least ten days' written notice to the mortgagor, his executors, administrators, successors, or assigns, personally, or by mailing it to him by registered mail, at the address of the mortgagor given in the mortgage, of the time, place, and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale. * * *"

Again referring to the bill of exceptions, the only evidence on the subject of notice as required by the statute before a resale (without foreclosure) of repossessed property under the terms of a chattel mortgage, is that the defendant did not receive it and that for a considerable period about the time of the resale, he was out of the city, and not at his address given in the chattel mortgage and cognovit note. (West Side Y. M. C. A.) It is also true that there is not a word of evidence as to the day the automobile was resold or whether or not it was sold on the day and at the place specified in the notice.

Because of the complete absence of any evidence to establish the essential elements of the grounds upon which defendant seeks to vacate this judgment, the order vacating said judgment is reversed and the cause is remanded with instructions to overrule the same.

Exceptions noted. Order see journal.

HURD, J, concurs.
KOVACHY, J, not participating.