AMERICAN PLAN CORP., APPELLANT, v. EISEMAN ET AL., APPELLEES.

[Cite as American Plan Corp. v. Eiseman, 4 Ohio App. 2d 385.]

(No. 678—Decided December 22, 1965.)

*Mr. Daniel M. Snyder,* for appellant.

*Mr. Wesley E. Eiseman* and *Mrs. Myrna A. Eiseman, in propria personae.*

GUERNSEY, J.   On December 12, 1963, the Findlay Municipal Court entered a judgment in favor of plaintiff in the amount of $660.83.   On January 6, 1964, the defendants, makers of the cognovit note on which such judgment was entered, filed their motion to have same vacated for the reason that it was based on a deficiency arising after the sale by plaintiff of an automobile of defendants in which plaintiff had a security interest under a security agreement executed by defendants but which "sale was not in accordance with Ohio Revised Code Section 1319.07."   On February 14, 1964, after trial, the trial court filed its separate findings of fact and conclusions of law reading, in pertinent part, as follows:

"From a preponderance of the evidence, the court finds the facts to be as follows:

"* * *.

"4. In November, 1963, the defendants being in default for payment, plaintiff's manager asked them to surrender possession of the automobile, which was done.   He then gave them

written notice, * * * mailed by certified mail on November 19, 1963, to their address given in the mortgage, * * * that plaintiff would sell the mentioned Chevrolet automobile at public sale at its office in Findlay, Ohio, on November 29th, 1963, at 10 o'clock a. m., for not less than $150.00, and that they might be held liable for any deficiency resulting. * * *

"5. On November 29, 1963, no one appeared at plaintiff's office to bid for said automobile. Either on that day or later, the manager decided to buy it for the plaintiff company at $150.00.

"6. Later, plaintiff sold the car * * * for $250.00, and gave defendants credit for this amount ($250) on their loan account, by entry dated December 6, 1963 [leaving the $660.83 deficiency for which judgment was then taken].

"* * *

"CONCLUSIONS OF LAW

"* * * In order to come within the exception permitted by this statute [Section 1319.07, Revised Code], its provisions must be strictly and literally complied with, and this was not done in the instant case in that the written notice was sent by certified mail rather than registered mail, and no sale was made on November 29, 1963, because no one appeared for such sale. * * *"

Judgment was thereupon entered vacating and setting aside the deficiency judgment of December 12, 1963, and dismissing plaintiff's petition for same. It is from this judgment that plaintiff has appealed on questions of law, claiming that same is based on erroneous conclusions of law.

The exception set forth in Section 1319.07, to the prohibition of a deficiency judgment provided for by that section, reads, in pertinent part, as follows:

"This section does not apply if the mortgagee, his * * * assigns, gives at least ten days' written notice to the mortgagor, * * * by mailing it to him *by registered mail,* at the address of the mortgagor given in the mortgage, of the time, place, and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale. * * * Any person may appear at the time and place of sale mentioned in such notice and bid at such sale. At the time and place mentioned in such notice the mortgaged property shall be sold to the highest

bidder if his bid equals or exceeds the minimum price set forth in the written notice given the mortgagor.'' (Emphasis added.)

This section has existed in its present form since October 1, 1953, the effective date of the last recodification. Thereafter, by amendment to Section 1.02, Revised Code, effective on June 27, 1955 (126 Ohio Laws 1164), it was provided that:

''As used in the Revised Code, unless the context otherwise requires:

''* * *.

''(I) 'Registered mail' shall include 'certified mail.' ''

By amendment, effective January 10, 1961 (129 Ohio Laws 582, 585), the latter language was changed to read, ''(I) 'Registered mail' includes certified mail.''

There was not in 1955, or thereafter, anything in the context of Section 1319.07, Revised Code, or in the context of any other part of the Revised Code, which required the term ''registered mail'' in that section to be defined in any manner other than to include certified mail. Under these circumstances the effect of the amendment of Section 1.02 on June 27, 1955, and thereafter on January 10, 1961, was to write into Section 1319.07 that the term ''registered mail'' is defined as including ''certified mail.'' And this conclusion remains true even though by the enactment of the Uniform Commercial Code, effective January 1, 1962, it was required by Section 1309.44 (C) that:

''To the extent that they give rights to the debtor and impose duties on the secured party, Section 1319.07 of the Revised Code * * * may not be waived or varied except * * * [as to matters not here applicable].''

This merely means that the requirements as to notice in Section 1319.07 cannot be waived or varied but, as before, mailed notice must be by registered mail, which by definition includes certified mail.

It will be noted from that part of Section 1319.07 hereinbefore quoted that the mortgaged property shall be sold to ''any person [who] may appear at the time and place of sale mentioned in such notice'' and who qualifies as the highest bidder. The trial court held that ''no sale was made on November 29, 1963, because no one appeared for such sale.'' There can be no doubt that the plaintiff, conducting the sale at its own office, was present at the time and place of sale. In view of the court's

finding that "either on that day or later, the manager decided to buy it for the plaintiff company at $150.00," the court must have concluded that the plaintiff company could not qualify as a buyer at a public sale conducted by it. However, that is not the case, for in addition to coming within the category of "any person" referred to in Section 1319.07, Revised Code, it is specifically provided by Section 1309.47 (C), a part of the Uniform Commercial Code, also here applicable, that "the secured party may buy at any public sale." The plaintiff was thus qualified to become a buyer at that time and place and, the evidence failing to show that plaintiff's purchase was made at some other time, the deficiency judgment should not have been set aside on the ground that no sale was made. *Central National Bank* v. *Irvine*, 78 Ohio Law Abs. 146.

This court finding that the Municipal Court erred in its conclusions of law with respect to the requirements of notice and the fact of sale, and by reason thereof committed further error prejudicial to the plaintiff in its judgment setting aside and vacating the deficiency judgment and dismissing plaintiff's petition, such judgment is reversed and vacated, thus reinstating the deficiency judgment of December 12, 1963; and this court, entering the judgment the Municipal Court should have entered, overrules the motion to vacate filed by the defendants on January 6, 1964.

*Judgment reversed.*

YOUNGER, P. J., and HOVER, J., concur.

HOVER, J., of the First Appellate District, sitting by designation in the Third Appellate District.