WACHOVIA BANK AND TRUST COMPANY

*v.*

HARRY THOMAS MCCOY, SR., *et al.*

(NO. 14123)

Decided September 23, 1980.

*Odell H. Huffman* for appellants.

*David W. Knight* for appellee.

Caplan, Justice:

This is an appeal from a final order of the Circuit Court of Mercer County wherein judgment was entered for the plaintiff, Wachovia Bank and Trust Company. The defendants' motion for a new trial having been overruled, this appeal was prosecuted.

Giving rise to this action was a security instrument and note dated July 27, 1973, executed and given by the appellants, Harry Thomas McCoy, Sr. and Harry Thomas McCoy, III, to the appellee bank to secure a loan in the sum of $12,342.60. As collateral for the security instrument and note the appellants pledged a 1973 Chevrolet truck. The appellee bank declared a default in payment on the note in the amount of $7,868.49 and in October, 1974 in High Point, North Carolina, took possession of the truck. On November 1, 1974 the bank posted a notice of sale at the courthouse in Greensboro, North Carolina and on the truck. In addition, a notice of sale was sent to the appellants at the address listed on the security instrument. The notice provided for the sale of the truck at the appellee's branch bank in Greensboro, North Carolina on November 11, 1974.

The appellee bank relates that at the public sale, held on November 11, 1974, no bidders appeared and that it therefore took possession of the truck. Efforts by the bank to sell the truck included the placing of it at a truck dealership in Albermarle, North Carolina and contacting the original seller of the truck and other individuals and truck dealers. In April, 1975, the bank sold the truck at a private sale for $6,500.00. Alleging that that amount did not make it whole, the bank, on March 17, 1976, brought suit against the appellants for a claimed deficiency in the sum of $1,523.81. After a jury trial, the bank was awarded judgment in the amount of the claimed deficiency. This appeal followed.

The appellants now contend that the bank's agent having bid $7,868.49, the full amount of the debt, at the public sale, the obligation on the note was cancelled in

its entirety. Considering the law applicable to the facts of this case, we agree.

The uncontroverted evidence in the record reveals that the bank's agent did, in fact, bid on the truck in the amount of the entire balance owed on the note—$7,868.49. In answer to questions propounded by the defendants on discovery, the plaintiff bank replied:

> "The plaintiff placed a bid on the vehicle at a public sale held 11 November 1974. The bid of the plaintiff was for the balance owed on the note at the time of the sale, $7,868.49." (No other bidders were present at the sale.)

At the trial, Mr. Gillespie, the plaintiff's banking officer, testified on cross examination:

> Q. 5 ... The bid of the plaintiff was for the balance owed on the note at the time of the sale, seven thousand eight hundred sixty-eight dollars and forty-nine cents. Is that true or false, unqualified?
>
> A. That would be true.

The agreement entered into by the appellant debtors and appellee bank granted to the bank a security interest in the 1973 Chevrolet truck to secure the performance of the obligation on the note. *W.Va. Code*, 1931, 46-1-201 (37), as amended, defines security interest, in part, as:

> 'Security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation.

Under *W.Va. Code*, 1931, 46-9-503, as amended, a secured party has the right, on default, to take possession of the collateral without judicial process if this can be done without a breach of the peace; and, under *W.Va. Code*, 1931, 46-9-504 (1), as amended, the secured party may sell, lease or otherwise dispose of the collateral after default. The disposition of the collateral may be by

public or private proceedings, and the secured party may buy at any public sale. *W.Va. Code*, 1931, 46-9-304 (3), as amended. See *American Plan Corp. v. Eiseman*, 4 Ohio App. 2d 385, 212 N.E.2d 824 (1965); *Fryer & Willis Drill Co. v. Oilwell*, 472 S.W.2d 857 (Texas 1971).

The proceeds of such sale are to be applied first, to the reasonable expenses of retaking and holding the property, reasonable attorney's fees and legal expenses and, second, to the satisfaction of indebtedness secured by the security interest. *W.Va. Code*, 1931, 46-9-504, as amended. When collateral is disposed of by a secured party after default the disposition transfers to a purchaser for value all of the debtor's rights therein and discharges the security interest under which it is made. *W.Va. Code*, 1931, 46-9-504(4). "The purchaser acquires all rights of the debtor in the collateral, discharged of the original security interest. No exception is made for cases in which the purchaser also happens to be the secured party . . .". *In Re Carter Associates Financial Services Co., Inc. v. Logan*, 25 U.C.C. Reporting Service 1162 (United States District Court, D. Maine (1978).

Under the provisions of the Uniform Commercial Code a secured party may buy at a public sale of the collateral. In this case the secured party, the bank, did buy the collateral (truck) at a public sale. The purchase by the secured party constituted a sale of the collateral after default. Its bid at such sale was in the amount of the balance owed on the note. The proceeds must be applied to the satisfaction of the debt. *W.Va. Code*, 1931, 46-9-504, as amended. Thus once the amount due on the security agreement was bid in at the public sale, the obligation of the debtor was satisfied. No deficiency existed and no cause of action arose. The bank had other options but it chose to bid in the total amount of the indebtedness at the public sale. It cannot now be heard to complain.

Having disposed of the case on this point, we deem it unnecessary to consider the other points raised. The judgment of the Circuit Court of Mercer County is re-

versed and the case is remanded with directions that judgment be entered for the appellants, defendants below.

> *Reversed and remanded*
> *with directions that*
> *judgment be entered*
> *for the defendants.*