*Northern District*

No. 5814

**ABBOTT MOTORS, INC.**

v.

**KENNETH RALSTON**

March 31, 1964

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Artesani, J.* in the Second District Court of Eastern Middlesex (Waltham). No. 141.

*Parker, J.* This is an action in contract by

which the plaintiff seeks to recover a deficiency which he claims is due under an installment contract for the purchase by the defendant of a used Ford pickup truck. The defendant's answer was a general denial and an answer in set off in which he sought "to obtain the fair value of a car which he traded in for the motor vehicle embodied in the agreement". The contract was secured by the truck. Two days after its purchase, the truck broke down and the plaintiff repossessed it. The contract had been assigned to a bank, but it would appear from the position taken by the plaintiff, the defendant and the court, that upon the defendant being in default, it was returned to the plaintiff who repossessed the truck sold the same and then brought suit for the deficiency.

On the sale of the car the plaintiff received $300.00, and the court found that the balance due the plaintiff on the agreement was $470.45.

No notice of the time and place of the sale was given to the defendant, and no affidavit of purchase as provided for by G. L. c. 255B, §20A was obtained or filed. The date of the repossession sale was prior to the enactment of G. L. c. 255B, §20A.

The court found for the plaintiff in the amount of $470.45.

The defendant filed seven requests for rulings as follows:—

"1. There is not sufficient evidence to warrant the court to find for the plaintiff.

2. The evidence *warrants* a finding for the defendant.

3. Upon all the law and the evidence, the court should find for the defendant for the following reasons:

    a. non-compliance with Chapter 255B Section 9

    b. non-compliance with Chapter 255B Section 20A

4. The defendant is not liable in this action for a deficiency due to the plaintiff's failure to comply with Chapter 255B Section 20A.

5. The court should take judicial notice from the pleading that there has not been a compliance with Chapted 255B Section 20 A.

    a. notice to the defendant is required under the agreement of the time and place of sale of the repossessed car.

6. The plaintiff is not entitled to recover on the present declaration for the reason that the obligation as alleged in the declaration was merged in a note which the defendant gave to the plaintiff.

7. The plaintiff is not entitled to recover on the present declaration because the note and conditional sale agreement were assigned to the Newton Waltham Bank, and the plaintiff therefore has no interest in this action."

On these requests the court took the following action:—

"1. Denied, in view of court's findings.

2. Granted, but immaterial, in view of court's findings.

3. a. Denied, in view of court's findings.

    b. Denied, in view of court's findings.

4. Denied, in view of court's findings.
5. Granted but immaterial, in view of court's findings.
   a. Denied, in view of court's findings.
6. Denied, in view of court's findings.
7. Denied, in view of court's findings."

The court found that the conditional sales agreement was reassigned to the plaintiff.

The defendant's main contention presented by his requests for rulings is that since the plaintiff failed to comply with G. L. c. 255B, §9 and §20A (Request 3a, 3b, 4 and 5) he is barred from recovery.

The record shows that the parties agreed that the date of repossession was prior to the enactment of G. L. c. 255B, §20A. This Division has already held that if a retail installment contract was entered into prior to the effective date of G. L. c. 255B, the provisions of §20A do not apply. *Abbott Motors, Inc. v. Brown*, 20 Mass. App. Dec. 203; 14 LEGALITE 293.

Accordingly, there was no error in the court's action in denying the defendant's requests ##3a, 3b, 4 and 5.

The appellant did not argue in his brief or before the court the court's action in denying his request #6, and so any objection to the court's action thereon is deemed waived.

There is no merit in the defendant's 7th request. The court found as a fact that conditional sales agreement was reassigned to the plaintiff, and further the defendant did not argue this point on his brief or orally. Ac-

cordingly, the ruling of the court on this request is sustained.

There was no error in the court's ruling on the defendant's request #2, since his action thereon was to grant it, but on all the evidence he did not find for the defendant.

Under request #5 and before request #6 appears the following which is indented in the same manner as are a. and b. under request #3:

> "a. notice to the defendant is required under the agreement of the time and place of sale of the repossessed car."

This request is very ambiguous. Is it a separate request and different from request #5, or is it a part of that request and so only raising the question of a bar to the action by virtue of G. L. c. 255B, §20A? If it is a separate request, it would seem to mean that under the terms of the agreement notice of time and place of sale of the repossessed car was required. The terms of the agreement do not so state.

However, counsel have argued orally and on their briefs the question as to whether notice to the debtor of the time and place of the sale was required under the provisions of G. L. c. 106, §9-504 (3). Further the court found as a matter of law that notice was not required as the property was such as would threaten to decline speedily in value and is of the type of property customarily sold on a recognized market. Accordingly, we will consider that this request raises this question.

G. L. c. 106, §9-504 is headed "Secured Party's Right to Dispose of Collateral After Default; Effect of Disposition." Paragraph (3), covering this case, in its relevant parts reads as follows:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. . . . . Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . . . ."

The ruling of the court was that as a matter of law this automobile truck was within the exceptions to G. L. c. 106, §9-504 (3) so that notice of the sale was not required in that the truck was property which would threaten to decline speedily in value and was a type of property customarily sold on a recognized market.

The record shows us no evidence as to how the truck was sold, nor is there any evidence to show that there is a recognized market for second hand pickup trucks in this vicinity. The report fails to disclose any evidence to show if the pickup truck would decline rapidly in price. From the report we find no evidence upon which we can determine how the court reached its conclusion as stated.

The cases cited by counsel on this point are not from this Commonwealth. Nevertheless,

they should be given weight by this court since they were decided under the Commercial Code in Pennsylvania. The underlying purposes of G. L. c. 106 as set forth in §1-102 (2)(c) are to make uniform the law among various jurisdictions. *Alliance Discount Corp. v. Shaw,* 195 Penn. Super 601 is a case in which the Uniform Commercial Code §9-504 (3) was applied to the resale of a used automobile by a secured creditor. In that case the court held that the debtor was entitled to notice. Evidence was offered as to prices carried in a "Red Book" on automobiles of various makes and models and year. This evidence was held insufficient to put the resale in the exceptions of §9-504 (3). The court held notice should have been given and allowed a petition to reopen the case so that the defendant might have the reasonable value of the automobile at the time of resale determined.

The other case cited is *Family Finance Corp. v. Scott,* 24 Penn. Dist. and County Reports 587. This case also allowed the reopening of a resale of an automobile. The court states at p. 590 . . . . .

"it appeared that the judgment creditor did not sell in any recognized market, nor did it sell at the current price in the market according to the quoted Red Book figures. Therefore, the question would seem to be whether it has otherwise sold in conformity with reasonable commercial practices among dealers in this type of property. . . . .

The court understands the problems encountered

by finance companies in disposing of repossessed vehicles. They must act speedily to prevent the value of the items from being lost in storage and maintenance charges. Nevertheless, where there is such a wide discrepancy between at least one recognized value in the trade and the sales price and when collateral is sold at less than half such recognized wholesale value, there appears to be equitable grounds for opening the deficiency judgment."

From these cases it appears that whether the exceptions as to the requirement of notice set up in §9-504 (3) have been established is one depending on a consideration of the facts of the sale, the prices in the recognized market and the price received at the resale.

The report states no evidence upon which the court made its determination as a matter of law that the truck was such as would threaten to decline speedily in value and that it is a type of property customarily sold on a recognized market. On this ground we are of the opinion that there was error in the denial of the defendant's request #1 and that the case should be retried so that these facts may be determined and a ruling of law made thereon by the court under request a.

The plaintiff argues that even if it was in error in selling the truck without notice that does not make the obligation of the defendant void so that he is excused from the contract. The basis for this argument is that G. L. c. 106, §9-507 (1) establishes the liability of the secured party when he does not proceed

in accord with Part 5 of G. L. c. 106. Assuming that the plaintiff did not proceed properly under §9-504 (3) in that proper notice was not given to the defendant, the plaintiff says that does not bar the plaintiff from recovery, but that §9-507 gives the defendant a right to recover damages where an unreasonable disposition has been concluded. G. L. c. 106, §9-507. Uniform Laws Comment. Purposes: 1.

This conclusion of the law is correct. The defendant is not excused from his debt because of an error in the procedure of his secured creditor in applying the collateral upon his debt unless it is plainly so provided by statute. However, if the debtor is entitled to have the security which he has given properly disposed of by law and if it was not so done, he is entitled under G. L. c. 106, §9-507 to damages for the improper action taken by the secured creditor. This could be a matter of set-off or counter-claim on his part.

There should be a new trial in this case and it will be so ordered.

Harnish, Mansfield, Marsh & Macdonald, of Waltham, for the Plaintiff.

Samuel Newman, of E. Boston, for the Defendant.