MANUFACTURERS HANOVER TRUST CO., Respondent-Appellant, v. ROBERT GOLDSTEIN, as Executor of E. J. BAUMRITTER, Also Known as EUGENE BAUMRITTER, Deceased, Appellant-Respondent.

First Department, May 26, 1966.

*Roy L. Reardon* of counsel (*Nancy M. Clarkson* with him on the brief; *Simpson Thacher & Bartlett,* attorneys), for respondent-appellant.

*Robert Goldstein,* appellant-respondent in person.

RABIN, J. On June 19, 1961, 11 Union Pharmacy, Inc., hereinafter called the conditional buyer, purchased an air conditioner from Billen Engineering and Sales Corp. The purchase was pursuant to a retail installment contract which was signed on behalf of the conditional buyer, by Baumritter, its president, and Schneider, its secretary. At the same time, the conditional

buyer delivered its promissory note to the conditional vendor. Both Baumritter and Schneider signed the note individually as comakers. The installment contract, and note, were negotiated to plaintiff which, while paying value therefor, had full knowledge of the nature of the transaction.

At a time when less than 50% of the amount of the purchase price had been paid, the conditional buyer defaulted in meeting the installment payments due for the months of March and April, 1962. The plaintiff repossessed the air conditioner on May 22, 1962 and sold it at public auction on June 1, 1962, after having, on May 22, given the conditional buyer, notice of sale.

Plaintiff brings this action against comaker Baumritter for the amount due on the promissory note, less the net proceeds of the sale. Upon cross motions for summary judgment, the Civil Court granted that of the plaintiff and denied defendant's motion to dismiss the complaint. The Appellate Term reversed, agreeing with the Civil Court that the defendant was not released on the note, but, remanding the matter to the Civil Court '' for a trial solely for the purpose of assessing damages '', having concluded that the amount realized from the sale was not necessarily binding as to the value of the security sold. Both sides appeal.

It is our opinion that the complaint should be dismissed and summary judgment granted in favor of the defendant. In view of this conclusion we need not consider the propriety of the Appellate Term's remand to determine damages.

We are in agreement with the Appellate Term, that the resale was not made in accordance with the governing sections of the Personal Property Law, then in effect, and was, therefore, an improper resale. Since less than 50% of the purchase price had been paid at the time of retaking, the plaintiff was not obligated to resell the property taken, no demand for such resale having been made by the buyer. However, the vendor did resell. Therefore, in order to hold the buyer for a deficiency, the sale must have been in strict compliance with the applicable provisions of the Personal Property Law (*Mott* v. *Moldenhauer*, 261 App. Div. 724, 727). Section 78 provides that where a seller has not given notice of intention to retake (as is the situation here), '' he shall retain the goods for ten days after the retaking * * * during which period the buyer * * * may redeem ''. This section has been interpreted to mean that the sale cannot take place until the 11th day (*Fisk Discount Corp.* v. *Brooklyn Taxicab Transp. Co.*, 270 App. Div. 491, 499–500), the object being to give the buyer 10 full days in which to redeem. The sale here did not comply with the requirement of that section, since it

was conducted on June 1, the 10th day after repossession, rather than on the 11th day.

It is the contention of plaintiff that section 78 of the Personal Property Law does not apply to the sale, since such sale was made pursuant to section 80 of the Personal Property Law, which only requires that the " resale shall take place * * * upon the [10 days] notice prescribed in section seventy-nine." However, section 79 contemplates the satisfaction of the requirements of section 78 (which as above stated, requires 10 full days for redemption) stating " If the buyer does not redeem the goods within ten days after the seller has retaken possession * * * the seller shall sell them at public auction ". Hence, in order to satisfy section 80, the sale cannot take place until the 11th day, although only 10 days' notice of sale is required. As previously stated, this sale having taken place on the 10th day, it did not comply with the requirements of the governing statutes and must be considered a defective sale. The defect in the sale operated to release and discharge the conditional buyer from any further obligations on his contract. (Personal Property Law, § 80-d.) The obligation on the contract having fallen, the necessary consideration to support the buyer's liability on the note also fell and, therefore, the buyer's obligation on the note is discharged (*Brosnan* v. *Benjamin,* 259 App. Div. 937).

The plaintiff contends that, even though we find the buyer released from his obligation on the contract, and on the note, such release does not operate to discharge this defendant — he being primarily liable — on the note.

We agree that the defendant here, being a comaker, is primarily liable on the note. However, we feel that such liability on the note fell when the underlying debt supporting the note fell. The note was inextricably woven into the original transaction, and may not be considered separately and apart from the conditional sales contract. It was clearly the intention of the parties that the giving of the note was to be considered as one transaction with the purchase of the air conditioner. The several instruments were made at the same time and concerned the same subject matter and, therefore, should be read together. The underlying debt — the debt on the air conditioner — fell as to the buyer and, therefore, the buyer's obligation on the note was discharged. How can we then say that this defendant is liable on the note when the buyer is not, for as pointed out by the dissent in the Appellate Term, the comaker's liability is " at most the same as the buyers "? The note, after all, was only a means of enforcing payment, due on the contract. But, after the improper sale, there was nothing due under the contract and,

hence, there could be no recovery on the note, either from the buyer, or the defendant.

Accordingly, the determination of the Appellate Term should be modified on the law and the facts and the complaint dismissed and summary judgment granted for the defendant, with costs and disbursements.

BOTEIN, P. J., BREITEL and EAGER, JJ., concur.

Determination of Appellate Term unanimously modified, on the law and on the facts, with $50 costs and disbursements to defendant-appellant-respondent, plaintiff's motion for summary judgment denied, defendant's cross motion for summary judgment granted and the complaint dismissed.