Carl R. Soaoohetti, Jr., J.
Defendant in the above-entitled action seeks to vacate or in the alternative reopen a default judgment obtained by the plaintiff December 18, 1969.
The basis of defendant’s contention is that he was not notified of the deficiency judgment and further that the plaintiff failed to comply in foto with section 9-504 (subd. [3]) of the Uniform Commercial Code. In answer, plaintiff states that CPLR 317 requires a meritorious defense to plaintiff’s initial action and also that relief from failure to comply with section 9-504 (subd. [3]) of the Uniform Commercial Code is found in section 9-507 (subd. [1]) of the Uniform Commercial Code which relates that an aggrieved debtor: “ has a right to recover from the secured party any loss caused by a failure to comply ” (with Uniform Commercial Code, § 9-504 (subd. [3]). The measure of damages being cited as: “not less than the credit service charge plus ten per cent of the principal amount of the debt ”.
Under the established case law, the defendant in order to be successful in this action, must set forth a meritorious defense and prove to the court that there exists triable issues of fact for a court and/or jury. This is the requirement of CPLR 317, which states: “A person * * * may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment * * * upon a finding of the court that he did not personally, receive notice of the summons in time to defend and has a meritorious defense.”
The defendant by his answer has seemingly stated a defense to the action of plaintiff regarding the deficiency judgment. However, as has been ably pointed out by plaintiff’s counsel, *182 the original action here was commenced pursuant to section 9-504 (subd. [3]) of the Uniform Commercial Code and a defense, as stated by the defendant iri his proposed answer is precluded by case law reciting affordable relief under section 9-507 (subd. [1]) of the Uniform Commercial Code.
In the case of Chase Manhattan Bank v. Lyon Air (New York Law Journal, March 15, 1971, p, 2, col. 4) it was stated: “Movant’s contention that plaintiff’s failure to comply with the provisions of UCC section 9-504(3) absolves defendant of liability is without merit. Section 9-507 UCC sets forth the penalties for such failure. Absolving the defendant of liability is not among them.” Other cases in point also state, that a deficiency judgment of the type secured by plaintiff may be obtained, even though the creditor failed to fully comply with the requirements of section 9-504 (subd. [3]) of the Uniform Commercial Code. In those instances, once again, relief of ah aggrieved debtor is relegated to the rights cited in section 9-507 (subd. [1]) of the Uniform Commercial Code.
(Cf. Conti Causeway Ford v. Jarossy, 114 N. J. Super. 382 [1971]; Weaver v. O’Meara Motor Co., 452 P. 2d 87 [Alaska, 1969]; Universal C. I. T. Credit Co. v. Rone, 248 Ark. 665 [1970]; T & W Ice Cream v. Carriage Barn, 107 N. J. Super. 328 [1969]; Investor’s Acceptance Co. v. James Talcott, Inc., 61 Tenn. App. 307 [1970]; Abbott Motors v. Ralston, 28 Mass. App. Dec. 35 [1964].)
In reading the memorandums of law of both counsel for plaintiff and defendant, it becomes apparent that there is a lack of New York cases on the point in question. It, therefore, becomes obvious that this court must draw from conclusions reached in other jurisdictions and in a sense treat the case before it as one without high authoritative decision in the New York courts. Be this as it may, this court must analyze the relative hardships as promulgated by the Uniform Commercial Code and attempt to reconcile them with the former laws of New York regarding commercial practices of this type.
It is true that the former Personal Property Law of New York State dictated a much stricter adherence to notice requirements regarding auction sales of chatteled goods. However, since the advent and passage of the Uniform Commercial Code in New York State, many of the former requirements are now negated. The present case is one of the areas which has been altered and in its place relief of another sort created.
The real hardship in the present case, however, is not whether defendant will receive ultimate relief, but whether his *183 present application to vacate or reopen a previously obtained judgment should be granted.
It is the court’s ruling, based upon the cases and the law cited, that the defendant has failed to set forth sufficient legal cause to allow it to vacate of reopen the previously obtained default judgment. The defense, as interposed by the defendant, is not allowable but rather couches itself in terms geared to a separate legal action under section 9-507 (subd. [1]) of the Uniform Commercial Code. A meritorious defense against a deficiency judgment gained under section 9-504 (subd. [3]) as stated is precluded by relief under the proper sections of the Uniform Commercial Code.
Accordingly, it is the decision of this court that the motion of the defendant is in all respects denied.