Louis Okin, J.
Under a written agreement dated November 16, 1971, plaintiff leased a Friden computer to defendant for a term of 60 months at $146.40 per month; the total amount payable under this lease agreement was $8,784.
Defendant paid the monthly installments until May, 1974, when it defaulted. As permitted by the agreement, plaintiff declared the balance of the unpaid rental of $4,099.20 due and payable.
Defendant voluntarily surrendered possession of the machine after this action was commenced. Plaintiff received $425 for the machine when it was sold.
The agreement provides that this amount, received on a sale, "shall be deemed to be the fair rental value thereof for the balance of said term”.
At the trial plaintiff abandoned the claim for attorneys’ fees asserted in the endorsed complaint.
In this action plaintiff now seeks to recover the balance due, namely, $3,674.20.
Defendant affirmatively pleaded that plaintiff "has not complied with the provisions of the Uniform Commercial Code” and specifically asserts and contends, relying upon the decision rendered by Judge Leonard Sandler in Leasco Data Processing Equip. Corp. v Atlas Shirt Co. (66 Misc 2d 1089) that the failure of plaintiff to give the defendant notice of the sale in accordance with subdivision (3) of section 9-504 of the Uniform Commercial Code, precludes recovery by plaintiff.
Plaintiff failed to establish that notice of the sale was given to defendant.
Judge Sandler concluded (supra, p 1091) that the Uniform Commercial Code did not change or abrogate "the firmly established and generally accepted” principle that a deficiency will not be allowed where the secured party (plaintiff here) did not show "precise compliance with the notice requirement.”
There are authorities which have accepted the contention rejected by Judge Sandler, and now being pressed by plaintiff that section 9-507 of the Uniform Commercial Code requires *899 the debtor (defendant here) to show the "loss caused by a failure” to give the required notice. In other words, to show how he was damaged; how he was prejudiced.
These cases recognize the right of a repossessing seller to obtain a deficiency even though he did not give the buyer debtor notice of the sale, as prescribed by subdivision (3) of section 9-504 of the Uniform Commercial Code.
In Chase Manhattan Bank v Lyon Air (NYLJ, March 15, 1971, p 2, col 4), Mr. Justice Kapelman granted plaintiff (seller) summary judgment for a deficiency even though notice of the sale had not been given to the defendant buyer, and rejected the contention, accepted by Judge Sandler in the Atlas Shirt case, that the failure to give notice as required by subdivision (3) of section 9-504 of the Uniform Commercial Code absolves the defendant of further liability. Mr. Justice Kapelman held that under section 9-507 of the Uniform Commercial Code, where the notice was defective, the defendant buyer must adduce proof of any damages it sustained.
Lincoln Rochester Trust Co. v Howard (75 Misc 2d 181) is to the same effect; here, too, the court rejected the contention that failure to give notice as stipulated in subdivision (3) of section 9-504 of the Uniform Commercial Code, precluded a seller from obtaining a deficiency judgment and held that the defendant in such situations, under section 9-507, must prove any loss or prejudice it claimed, by virtue of seller’s failure to give proper notice.
The explanatory note in McKinney’s Consolidated Laws of New York (Book 62½, Part 1, Uniform Commercial Code, p III) states that the code, enacted by chapter 553 of the Laws of 1962 and which became effective on September 27, 1964, was "a general and comprehensive revision of the state’s existing laws applicable to commercial transactions. The Code provides a uniform and easily available set of rules for the conduct of commercial transactions, responsive to modern business conditions and needs.”
The Uniform Commercial Code eliminated many of the details and requirements which prevailed under the previous Uniform Conditional Sales Act (Personal Property Law, §§ 78, 79, 80), such as the requirement to retain the goods for at least 10 days; the buyer’s option to require a sale; the distinction between payment of less than 50% of purchase price or more than 50% of purchase price; and the distinction where *900 more than $500 had been paid. (Cf. Capital Dist. L.A. W. Corp. v Blake, 136 Misc 651.)
Under the prior law the failure to give the buyer notice of the sale resulted in discharge of the buyer from all further obligations and precluded a deficiency. (Warren-Joel Corp. v Kirschenbaum, 57 Misc 2d 451, affd 31 AD2d 1005; Mott v Moldenhauer, 261 App Div 724, app dsmd 287 NY 678; Snyder v Gruder, 17 Misc 2d 558.)
Indeed the failure to adhere to any of the detailed requirements operated to release and discharge the buyer from further liability and barred a deficiency. (Manufacturer Hanover Trust Co. v Goldstein, 25 AD2d 405.)
Judge Sandler, in Atlas Shirt (66 Misc 2d 1089, supra) concluded that had any change been intended, the codifiers of the Uniform Commercial Code would have used clear and explicit language.
The court in Lincoln Rochester (75 Misc 2d 181, supra) and Chase Manhattan (NYLJ, March 15, 1971, p 2, col 4, supra) came to an opposite result.
This court has concluded that the elimination of the many detailed provisions previously found in sections 78, 79 and 80 of the Personal Property Law and introducing the new concept of requiring a buyer to show the "loss caused by a failure” to follow the statutory requirements (Uniform Commercial Code, § 9-507) indicates an intention to effect a change in this type of situation.
This conclusion, that the Lincoln Rochester and Chase Manhattan should be followed and applied, rather than Atlas Shirt, is fortified by decisions rendered by appellate courts in many other States under section 9-507 of the Uniform Commercial Code.
In United States v Whitehouse Plastics (501 F2d 692), the court, enunciating Texas law, held that section 9-507 of the Uniform Commercial Code, established that the drafters of the Uniform Commercial Code did not intend that the failure to give notice would bar a deficiency, and held that where there had been a failure or lack of notice the buyer was required to affirmatively show that he was prejudiced or damaged by the lack of notice.
In an opinion recognizing the conflict, the Court of Appeals of Colorado determined this question of first impression, by declaring: "The failure of the secured party to give reasonable *901 notice of sale does not result in a forfeiture of the right to recover a deficiency judgment”. (Community Mgt. Assn. of Colorado Springs v Tousley, 32 Col App 33, 38.)
The Court of Appeals of the State of Washington in Grant County Tractor Co. v Nuss (6 Wash App 866, 869-870), a case of first impression in that State, adopted the view that "under this provision [Uniform Commercial Code, § 9-507] if the creditor fails to give notice to the debtor as required by [subdivision (3) of section 9-504] the debtor has a right to recover from the creditor any loss caused by the failure to give that notice”; and the court held that the codifiers of the Uniform Commercial Code, "did not intend that the creditor’s failure to give notice would result in a forfeiture of the creditors right to a deficiency”.
In Cornett v White Motor Corp. (190 Neb 496, 501), where the same view was adopted, the court pointed out that depriving a seller of a right to a deficiency where proper notice had not been given would inject into commercial transactions "a drastic punitive element” and that there was no large public policy that required that result.
In Conti Causeway Ford v Jarossy (114 NJ Super 382, 386, affd 118 NJ Super 521), the court in holding that under the Uniform Commercial Code a seller who was given a defective notice is not denied the right to demand a deficiency said: "the spirit of commercial reasonableness requires that the secured party not be arbitrarily deprived of his deficiency.”
Other States have come to the same conclusion: Abbott Motors v Ralston (28 Mass App 35); Tauber v Johnson (8 Ill App 3d 789); Universal C. I. T. Credit Co. v Rone (248 Ark 665); Investor’s Acceptance Co. v Talcott, Inc. (61 Tenn App 307); Weaver v O’Meara Motor Co. (452 P2d 87 [Alaska]); Matter of Bishop (482 F2d 381, 385).
In the Boston College Industrial and Commercial Law Review (vol 8, p 267, 268) in an article, Debtor’s Right to Notice on Disposition of Collateral, the authors in commenting on section 9-507 of the Uniform Commercial Code said: "It is clear that what is recoverable under this section is the actual provable loss which is by no means the entire liability in every case.”
In the case at bar the defendant relied wholly on the decision by Judge Sandler in the Atlas Shirt case (66 Misc 2d 1089, supra), which we have concluded should no longer be regarded as controlling or followed.
*902 The defendant offered no proof of its loss by reason of plaintiff’s failure to give proper notice.
Accordingly, plaintiff is entitled to recover the balance of $3,674.20; and the clerk is directed to enter judgment in favor of plaintiff and against defendant in the sum of $3,674.20, with interest from July 1, 1974.