■ MAGUIRE LEASING CORP., Respondent, v IRVING FALB & Co. et al., Defendants, and IRVING FALB, by Robert Falb, His Executor, et al., Appellants.—Judgment, Supreme Court, New York County, entered February 26, 1975, modified, on the law, so as to calculate interest at the rate of 6% rather than 7½%, and, as so modified, the judgment is affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. Plaintiff seeks to recover the balance due under an equipment lease agreement. The agreement provided for 36 installments at the rate of approximately $614 per month. The defendant partnership defaulted on October 25, 1972 after having paid 16 installments. The plaintiff, however, did not at that time repossess the collateral and indeed, was advised by the attorney for the defendants-appellants that he would attempt to dispose of it. It

appears that those efforts were fruitless and accordingly, the plaintiff attempted to arrange to dispose of the equipment at the best price possible. Initially, the present occupant of the defendant partnership's former premises requested that the equipment be removed and urged that the plaintiff should pay him (the occupant) rental for maintaining the equipment. Negotiations, however, took place and the present occupant offered to purchase the equipment for $1,350. That offer proved to be several hundreds of dollars higher than any other offer received by the plaintiff. After selling the equipment, plaintiff brought this action to recover the balance due under the lease. A motion for summary judgment was made and granted, the court directing an assessment of damages. It is to be noted that no direct appeal was taken from the order granting summary judgment. At the time of the motion for summary judgment, no issue was raised with respect to any failure upon the part of plaintiff to give notice of sale pursuant to subdivision (3) of section 9-504 of the Uniform Commercial Code. At the assessment, however, defendants, for the first time, urged that notice had not been given and that such, in effect, released them from any obligations on the underlying agreement. The Trial Justice, however, concluded that "defendants' contention that plaintiff is not entitled to recover damages because notice was not given to the defendant is untenable". And, since it was found that the sale was made under circumstances that were commercially reasonable, the trial court awarded judgment for the balance due, plus interest and attorney's fees. We agree with the trial court's conclusion that the facts adduced at the assessment demonstrated that the sale of the equipment was conducted in a commercially reasonable manner. The testimony established that efforts were made to obtain the highest offer. We believe, further, that it is not appropriate in the circumstances of this case to reach the issue relied upon in the dissenting opinion. It is concluded by the dissenters that since notice of the sale was not given, plaintiff may not prevail. *(Leasco Data Processing Equip. Corp. v Atlas Shirt Co.,* 66 Misc 2d 1089; see, also, *Manufacturers Hanover Trust Co. v Goldstein,* 25 AD2d 405.) That issue, as already indicated, was never raised on the motion for summary judgment and accordingly, was waived. To the extent that the issue of notice was raised belatedly at the assessment, it was of relevance only with respect to the amount of damages. And although the appeal from the final judgment brings up for review the order granting summary judgment (CPLR 5501, subd [a], par 1), we are limited upon such review to the prior record made upon that order. Considering the failure to raise the issue of notice in a timely manner and in view of the circumstances of this case, including the fact that defendants were given ample time to arrange for the sale of the equipment, we believe that the judgment in favor of plaintiff was proper. However, modification of the judgment is required with respect to the amount of interest, the proper rate being 6% rather than 7½%. (CPLR 5004; ; *7 Doyer St. Realty Corp. v Great Cathay Development Corp.,* 43 AD2d 476.) Concur—Kupferman, Tilzer and Capozzoli, JJ.; Stevens, P. J., and Murphy, J., dissent in the following memorandum by Murphy, J.: Murphy, J. (dissenting). For the reasons hereinbelow stated, we would reverse the judgment on appeal and dismiss the complaint. Under the guise of a lease, plaintiff financed defendant partnership's acquisition of office furniture and furnishings by acquiring the same for $18,286.37, adding on an interest (or profit) factor of $3,840.14 and then leasing it for a total "rental" of $22,126.51, payable in 35 monthly installments of $614.63 and a final payment of $614.46. At the end of the three-year term of the lease, the lessee, if not in default, had a renewal option at a specified annual rental.

The partnership defaulted on October 25, 1972, after paying the 16th installment. On December 28, 1973, plaintiff, after repossessing the collateral and receiving a single offer of only $500 therefor, sold the furniture and furnishings to the present occupant of the partnership's former premises for $1,350; and brought the instant action for a deficiency judgment. In June, 1974, plaintiff's motion for summary judgment was granted and an assessment directed. The instant appeal is from the judgment entered upon such assessment, in favor of plaintiff, in the total sum of $14,912.83 (representing the unpaid balance of $12,292.43, less $1,350 received on the resale, plus interest from the date of default, a 15% attorneys' fee, costs and disbursements). On the assessment hearing it appears that appellants, for the first time, called attention to the fact that plaintiff failed to give appropriate notice of the sale. (Uniform Commercial Code, § 9-504, subd [3].) In our view, plaintiff's failure to give such notice is fatal to its claim. *(Leasco Data Processing Equip. Corp. v Atlas Shirt Co.,* 66 Misc 2d 1089; see, also, *Manufacturers Hanover Trust Co. v Goldstein,* 25 AD2d 405.) Plaintiff's reliance on subdivision (1) of section 9-507 of the Uniform Commercial Code for its contention that said section provides defendants with their only recourse for relief, under the circumstances of this case, is misplaced. Said provision relates primarily to affirmative relief sought by a debtor and is no bar to the interposition of an appropriate defense to a deficiency judgment action instituted by the secured party. Finally, the failure of appellants to allege the absence of the requisite statutory notice in opposition to plaintiff's summary judgment application, or to appeal therefrom, does not preclude us from reviewing said order on appeal from the final judgment. (CPLR 5501, subd [a], par 1.) In light of the foregoing, the judgment in plaintiff's favor should be reversed and judgment entered in favor of appellants dismissing the complaint. Settle order on notice.