## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Postal Credit Union

v.

James Otis Cooper

October 28, 1975

Case No. 7578

By JUDGE ALEX H. SANDS, JR.

This case is before the Court upon appeal from a decision of the General District Court denying plaintiff a deficiency judgment arising out of the sale, repossession and subsequent resale of an automobile.

Defendant, Cooper, was purchaser, under a conditional sales contract, of an automobile, the sale of which was financed by plaintiff, Richmond Postal Credit Union. Defendant defaulted and plaintiff, after repossessing the vehicle, properly notified defendant that the car would be sold at public auction on August 28, 1973. That this notice was valid is not disputed.

At the public auction conducted pursuant to the notice the high bid was $500. The car was not knocked down to the high bidder because it was felt by plaintiff that it could realize more from a private sale. According to plaintiff, the $500 bid "was neither accepted nor rejected."

Plaintiff subsequently sold the car at a private sale without further notice to defendant and now seeks a deficiency judgment against defendant for the difference between the $700 resulting from the private

sale and the outstanding balance due on the car, such deficiency being $1,582.56, plus interest and attorney's fees of $395.64.

The case presents two issues for determination, the first being whether it was incumbent upon plaintiff to give defendant any notice of the private sale and, if so, what, if any, was the effect of a failure to give notice upon the plaintiff's right to a deficiency judgment.

Proper notice was duly given defendant that his vehicle would be offered at public auction and such notice complied with the statute in every respect. Defendant did not appear at this auction. A $500 high bid was received, but the car was not knocked out to this bidder. According to plaintiff, the offer was "neither accepted nor rejected" but action thereon was delayed by plaintiff in hopes of realizing a higher figure at a private sale. Under these circumstances it is held that there was no sale at public auction in accord with the notice given. Consequently, under the express provisions of § 8.9-504(3), notice pursuant to the terms of this section would have to have been given defendant prior to the private sale. It is conceded that no such notice was given.

It is defendant's contention that failure to give the notice required by statute precludes plaintiff from recovering any deficiency judgment. Plaintiff, on the contrary, contends that there is no such specific provision under § 8.9-504(3) of the Code and that whatever may have been the former law in the State, failure to give the statutory notice does not preclude plaintiff from recovering a deficiency judgment. Plaintiff further argues that the maximum penalty which should be imposed upon plaintiff for failure to give the required notice should be the granting to defendant of a hearing at which the true market value of the vehicle at the time of sale be established and the amount of deficiency judgment be fixed at a figure representing the difference between the value thus established and the outstanding balance in default.

There is authority to support plaintiff's position on this issue. See Cornett v. White Motor Co., 209 N.W.2d 341 (Neb.), and American Plan Corp. v. Eiseman, 212 N.E.2d 824 (Ohio). There is, however, an irreconcilable conflict of authority upon the issue. See Atlas Thrift Co. v. Horan, 11 U.C.C. Rep. 417 (Cal. App.); Chrysler Credit Corp. v. Dinitz, 11 U.C.C. Rep. 627; Gibson v. Hagberg, 11 U.C.C. Rep. 655, all holding that defects in statutory sales proceedings barred recovery of any deficiency.

In an article appearing in 7 University of Richmond Law Review beginning at page 187, Professor Richard E. Speidel, acknowledged as somewhat of an authority upon interpretation of the U.C.C., addresses this question (page 200) in this manner:

> Under 9-504(3) every aspect of the disposition, including the method, manner, time, place and terms must be commercially reasonable. Failure to comply with these requirements will normally not affect the rights of a purchaser for value in the disposition, but may, under a developing line of cases, preclude the secured party from recovering any deficiency. (Emphasis added.)

There being no ruling by the Virginia Supreme Court upon this issue, this court is free to adopt either of these concepts; and in view of the legislative history prior to adoption of the U.C.C. which reflects the requirement of meticulous compliance with the notice provision in repossession sales, this court elects to follow the rule that failure to give the required notice precludes the secured party from recovering any deficiency. (See former § 55-93. While this and cognate sections were repealed when replaced by the U.C.C., yet there is nothing in the U.C.C. which would indicate any change in the legislature's former attitude concerning strict compliance with the notice requirement in repossession sales.)

For the above reasons, judgment is for the defendant.