## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Central Fidelity Bank, N.A. etc.

v.

Hollan E. Puckette

July 6, 1981

By JUDGE NORMAN K. MOON

The facts of this case have been stipulated to by the parties. They are essentially that plaintiff bank made a loan to the defendant, the loan being secured by a chattel mortgage on defendant's automobile. The defendant removed the automobile from the state and his loan became in default. The automobile was repossessed from the defendant on January 5, 1978, at his residence at 1215 Murray Hill Court, Mobile, Alabama, by the Credit Recovery Bureau. The defendant picked up his personal effects from the collection company and signed a Voluntary Surrender Record and Personal Property Release on January 18, 1978. The automobile was returned to Virginia. The bank sent by certified mail, dated February 2, 1978, a notice to the defendant that the vehicle would be sold at public auction on February 15, 1978, at 10:30 a.m. The letter was sent to the defendant's Murray Hill Court address, Mobile, Alabama, the same address listed by defendant on the above mentioned release. The letter was returned to the bank marked unclaimed.

When the automobile was auctioned, the bids were so low that the bank refused the [highest] bid. The bank considered repairing the automobile in order to secure a higher price for it. After it was deter-

mined by a reputable repair firm that the automobile could not be feasible repaired, the bank auctioned the car again and received $350.00 for it. The bank now seeks a judgment against the defendant for the deficiency.

The defendant claims by way of defense that he did not receive the notice as he claims is required by law and thus cannot be held accountable for the deficiency. Based upon the above statement of facts and other facts stipulated to, the Court finds as a fact and concludes that the bank did all that could be reasonably expected of it to notify the defendant that the collateral would be sold and further the Court finds that the sale was conducted in a commercially reasonable manner.

The only issue is whether actual notice to sell repossessed collateral is required by Section 8.9-504 of the Code of Virginia.

Defendant contends he must have had notice in one of the manners set forth in Virginia Code Section 8.1-201(25). That Section states:

A person has "notice" of a fact when (a) he has actual knowledge of it; or (b) he has received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

A person "knows" or has "knowledge" of a fact when he has actual knowledge of it. "Discover" or "learn" or a word or phrase of similar import refers to knowledge rather than to reason to know. The time and circumstances under which a notice or notification may cease to be effective are not determined by this act.

Plaintiff, on the other hand, says the defendant was only entitled to be notified as defined in Virginia Court Section 8.1-201(26). That Section states:

A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when (a) it comes to his attention; or (b) it is duly delivered at the place of business through which the contract was made or at any other. place held out by him as the place for receipt of such communications.

Virginia Code Section 8.9-504(3) requires that "reasonable notification. . . be sent by the secured party to the debtor. . . ."

It is clear that the Uniform Commercial Code makes a distinction between a person having "notice" and a person being "sent notice." It is likewise clear that under the terms of this contract and the Code provisions related thereto that the bank was only required to send notice to the defendant. That notice was sent to the place that defendant held out to be his "place for receipt of such communications." See Virginia Code Section 8.1-206(26).

This is the only reasonable way the law could be administered. The debtor knows from the terms of his contract that once he is in default and the security has been repossessed it will be disposed of and he will be liable for any deficiency. The law cannot allow him to go into hiding or refuse to accept or open his mail so as to avoid his legal obligations. Such a law would increase the cost of credit and be detrimental to normal business operations.

The Court concludes that the bank sent notice to the defendant and has conducted the sale of the security according to the terms of the contract and the law and thus is entitled to a judgment for any deficiency. Plaintiff's counsel should prepare an order finding for the plaintiff in the amount of the deficiency, interests, costs, and attorney's fees.