## CIRCUIT COURT OF FAIRFAX COUNTY

Chrysler Credit Corp.

v.

James P. Fabrizio

May 26, 1989

Case No. (Law) 89068

By JUDGE THOMAS J. MIDDLETON

The Motion for Judgment in the case is based upon a retail installment contract executed by the Defendant with Plaintiff Chrysler Credit for a 1987 Dodge Dakota pick-up truck. The amount financed was originally $13,256.43 with finance charges of $5,779.43, for a total amount financed of $19,036.20. In Plaintiff's *ex parte* proof affidavit supporting a deficiency judgment, $17,449.85 was due on the contract at the time of repossession. After adding on additional expenses incurred (including reconditioning) and deducting unearned finance charges and the proceeds of sale of the vehicle, the balance due was stated as $6,482.15.

The affidavit merely states that the automobile "was repossessed and sold in compliance with § 8.9-504 of the Virginia Code, to wit: at a private auction in a commercially reasonable manner, and reasonable notification of the time after which the private sale would be made was sent to the debtor." No further statement is made as to the manner, time, place, or terms of the private sale.

Under Virginia Code § 8.9-504(3), a secured party after default may sell the collateral by either public or private sale, but every aspect of the disposition, including the method, manner, time, place, and terms must be commercially reasonable. That section requires that

reasonable notification of the time and place of any public sale, or reasonable notification of the time after which any private sale is to be made, shall be sent by the secured party to the debtor (unless notification is waived by the debtor).

The Code of Virginia provides that a creditor may sell the collateral only at a public sale, unless the collateral is of the type customarily sold in a recognized market, or is subject to standard price quotation. (*See* Section 8.9-509(3) and *In re Bishop*, 482 F.2d 381 (4th Cir. 1973).

Under Virginia Code § 8.9-507(1), a secured party incurs liability for failing to dispose of the collateral in compliance with provisions of the Code. Subsection (2) states some tests as to what is "commercially reasonable" but is very open-ended. It states:

> The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold, he has sold in a commercially reasonable manner.

In *In re Bishop, supra*, notice of the sale was returned unclaimed. The sale was not advertised in any newspaper but merely spread by word of mouth. Only two bidders attended the sale, both employees of the used car lot. No appraisal of the property was done, and no evidence of sales of comparable property given. The Court found the proof insufficient as a matter of law to secure a deficiency judgment.

Following *In re Bishop*, the Bankruptcy Court in *In re Penn Hook Coal Co., Inc.*, 68 B.R. 804 (Bkrtcy. W.D. Va. 1987), also rejected the sale of collateral was not

commercially reasonable. The evidence revealed the debtor received no notice as required by § 8.9-504. The secured party offered no evidence as to the manner in which any sale was conducted and collateral disposed of which would show it to be commercially reasonable, or of market value. The only evidence as to value was the testimony of the debtor that the collateral was relatively new and worth what was owed on it. Absent other evidence of market value, the Court said the secured creditor may not assert a deficiency after conducting a sale which was not commercially reasonable.

There was one Virginia Circuit Court opinion interpreting § 8.9-504(3). In *Central Fidelity Bank, N.A. v. Puckette*, 2 Va. Cir. 50 (1981), the Court upheld a deficiency judgment, the only issue being whether actual notice is required by § 8.9-504. The notice was sent to the debtor by certified mail and returned unclaimed. The Court held that the creditor was only required to send notice to the place the debtor held out to be his "place of receipt of such communications" (per § 8.1-206(26)). Having done so, the creditor was entitled to judgment for the deficiency.

Turning to the present case, the evidence is silent as to the manner of notice and as to whether the debtor received notice. Although the affidavit states the debtor was "sent notice," the manner or time of notice is not stated. There is nothing but a bold assertion that the sale was commercially reasonable without any details as to the method, manner, time, place, or terms as required by the statute to be commercially reasonable. Without more, there are no facts upon which the Court could make such a finding.

It is the opinion of the Court that the evidence of commercial reasonableness as to the method, manner, time, place, and terms of the sale is insufficient.