## CIRCUIT COURT OF FAIRFAX COUNTY

General Motors
Acceptance Corp.

v.

Sears

December 17, 1990

Case No. (Law) 95844

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is plaintiff's Motion for Judgment for the deficiency balance due under an installment sales contract executed by the defendant.

The following issues are presented in this case: (1) whether the plaintiff or the defendant had the burden of proving compliance with the procedures for resale specified in Va. Code § 8.9-504 (1990 Supp.); (2) whether the sale was conducted in compliance with these procedures; (3) if the resale did not comply with § 8.9-504, what is the proper remedy.

Virginia Code § 8.9-504 sets forth the procedures a creditor must follow when selling the collateral after repossession. The statute broadly states that every aspect of the creditor's "disposition of the collateral including the method, manner, time, place, and terms must be commercially reasonable." The creditor is specifically required

by statute to give "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made . . . ."

While the Virginia Supreme Court has not yet addressed the issue of whether the creditor or debtor bears the burden of proving compliance with § 8.9-504, other Virginia courts have held that the burden of proof should be placed on the creditor. *See In re Bishop*, 482 F.2d 381 (4th Cir. 1973) (proof insufficient as a matter of law to secure a deficiency judgment in part because creditor failed to prove debtor received sufficient notice of the resale); *In re Penn Hook Coal Co., Inc.*, 68 Bankr. 804 (Bankr. W.D. Va. 1987) (sale not commercially reasonable because secured party failed to prove adequate notice among other factors); *Chrysler Credit Corp. v. Fabrizio*, Fairfax County Circuit Court, opinion letter of Thomas J. Middleton, 17 Va. Cir. 181 (1989) (implying that the creditor bears the burden of proving compliance with § 8.9-504(3)). A number of other jurisdictions also place the burden of proof on the creditor to prove that adequate notice was given the debtor, reasoning that the existence of facts showing adequate notice is peculiarly within the creditor's knowledge. *See, e.g., Tauber v. Johnson*, 291 N.E.2d 180 (Ill. Ct. App. 1972); *Mallicoat v. Volunteer Financing & Loan Corp.*, 415 S.W.2d 347 (Tenn. Ct. App. 1966); *Kobuk Engineering & Contracting Services, Inc. v. Superior Tank & Construction Co. - Alaska, Inc.*, (Alaska 1977). *See generally* Annotation, "Uniform Commercial Code: Burden of Proof as to Commercially Reasonable Disposition of the Collateral," 59 A.L.R. 3d 369. Based on this authority, the Court concludes that General Motors had the burden of proving compliance with § 8.9-504 in the present case.

The Court further finds that the plaintiff has not proved that it complied with Va. Code § 8.9-504(3) because of the inconsistency between the notice of sale and the sale actually conducted. General Motors sent a notice to the debtor informing him that the vehicle would be sold at a "private sale" at any time after June 26, 1989. *See* plaintiff's Trial Exhibit 2. Testimony at trial revealed, however, that General Motors sold the car at an "auction." While the U.C.C. does not define the terms "public" or "private" sale, Official Comment 4 to Va.

Code § 8.2-706 (1965 & 1990 Supp.) (governing a seller's resale of goods after the buyer breaches a sales contract) defines a "public" sale as a "sale by auction," while a "private" sale is "effected by solicitation and negotiation." The Fourth Circuit similarly has defined a public sale as "one to which the public is invited by advertisement to appear and bid at auction for the goods to be sold." *In re Bishop*, 482 F.2d 381, 385 (1973) (citing Restatement of Security § 48, comment c (1941)). In addition, many courts characterize sale by auction as a public sale requiring notice to the debtor of a specific time and place of sale as set forth in 9-504(3) so that the debtor may appear and bid at the sale. *First Alabama Bank, N.A. v. Parsons*, 426 So. 2d 416 (Ala. 1982); *State Bank of Towner v. Hansen*, 302 N.W.2d 760 (N.D. 1981); *Associates Financial Services Co. v. DiMarco*, 383 A.2d 296 (Del. Super. 1978); *First National Bank of Belen v. Jiron* (N.M. 1987). *See generally* Annotation, "Secured Transactions: What is Public or Private Sale under U.C.C. § 9.504(3)," 60 A.L.R. 4th 1012.

Although the Virginia courts have not addressed the precise issue of whether notice of a private sale is sufficient to comply with Va. Code § 8.9-504(3) where a public sale is ultimately conducted, it appears that a majority of courts which have specifically addressed the issue have concluded that the notice of sale must accurately reflect the nature of the sale ultimately conducted by the creditor. If the notice is inaccurate, these courts conclude that the creditor has not complied with U.C.C. § 9-504. *See, e.g., Associates Financial Services Co. v. DiMarco*, 383 A.2d 296 (Del. 1978); *Savings Bank of New Britain v. Booze*, 382 A.2d 226 (Conn. 1977); *General Foods Corp. v. Hall*, 349 N.E.2d 573 (Ill. Ct. App. 1976); *Beneficial Finance Co. v. Reed*, 212 N.W.2d 454 (Iowa 1973); *Rejda v. Rejda*, 253 N.W.2d 295 (Neb. 1977). *See generally* Annotation, "Sufficiency of Secured Party's Notification of Sale or Other Intended Disposition of Collateral under U.C.C. § 9-504(3)," 11 A.L.R. 4th 241, 295-300. Since the only evidence before the Court in the present case is that the sale was conducted by "auction," indicating that the creditor conducted a public sale, while the plaintiff gave notice to defendant that a private sale would be held, the Court concludes that the plaintiff has not

met his burden of proving compliance with Va. Code Section 8.9-504(3).

The issue of the proper remedy for failure to comply with the statutory procedures for resale is thus presented. The Virginia Supreme Court has not addressed the issue, and the Code does not clearly specify the proper remedy. The issue is further complicated by the absence of a majority view among the courts which have considered the issue. *See generally* Annotation, "Uniform Commercial Code: Failure of Secured Party to Give Required Notice of Disposition of Collateral as Bar to Deficiency Judgment," 59 A.L.R.3d 401. Some jurisdictions hold that failure to give proper notice of the disposition of the collateral is an absolute bar to the creditor's recovery of a deficiency judgment. *See, e.g., Turk v. St. Petersburg Bank & Trust Co.,* 281 So. 2d 534 (Fla. App. 1973); *Braswell v. American Nat'l Bank,* 161 S.E.2d 420 (Ga. App. 1968); *Foundation Discounts, Inc. v. Serva,* 468 P.2d 875 (N.M. 1970). Other courts hold that the debtor's only remedy is a counterclaim or separate action for damages under U.C.C. Section 9-507. *See, e.g., Conti Causeway Ford v. Tarossy,* 276 A.2d 402 (N.J. Super. 1971) *affd.* 288 A.2d 872, *Tauber v. Johnson,* 291 N.E.2d 180 (Ill. 1972), *Grant County Tractor Co. v. Nass,* 496 P.2d 966 (Wash. App. 1972). Still other jurisdictions require the creditor to overcome a presumption that the collateral was worth the amount of the debt by showing that the market value of the collateral is less than the amount due under the sale contract, using evidence other than the resale price. *See, e.g., Norton v. Nat'l. Bank of Commerce,* 398 S.W.2d 538 (Ark. 1966); *Community Management Association v. Tousley,* 505 P.2d 1314 (Colo. App. 1973).

Guided by the underlying policy of Article Nine and in the interests of fairness to each party, the Court finds that precluding the creditor's recovery of a deficiency judgment is not an appropriate remedy in the present case. As a West Virginia federal bankruptcy court has noted, "an absolute bar smacks of the punitive and is directly contrary to Article Nine's underlying theme of commercial reasonableness." *Matter of Appalachian Pocahontas Coul Co., Inc.,* 31 Bankr. 579, 582 (Bankr. S.D. W. Va. 1983). Furthermore, requiring the debtor to bring a second action for damages rather than offsetting the debtor's

damages from the creditor's deficiency judgment award unnecessarily increases litigation.

Requiring the creditor to rebut a presumption that the market value of the collateral is equivalent to the debt is the approach which best effectuates the language and purpose of Article Nine. The debtor is entitled to recover "any loss caused by a (creditor's) failure to comply with the provisions of" Article Nine pursuant to Va. Code § 8.9-507 (1965 & 1990 Supp.). The "loss caused" to the debtor can be measured by the difference between the market value of the collateral (using evidence other than the proceeds of the creditor's resale which did not comply with Va. Code § 8.9-504(3)) and the total indebtedness. This approach is most consistent with the specific statutory remedy and best achieves the balance between the debtor and the creditor sought by the drafters of Article Nine. As the West Virginia bankruptcy court noted in its opinion, the necessity of the repossession sale was caused by the debtor's default so barring recovery of the deficiency entirely is unjustified absent proof of fraud or similar circumstances; however, requiring the creditor to overcome a presumption that the market value of the collateral is equivalent to the debt enables the court to strictly scrutinize creditors' actions in order to prevent abuse of the Code's liberal self-help provisions. *Matter of Appalachian Pocahontas Coal Co., Inc.*, 31 Bankr. at 582.

The Court further concludes that the plaintiff in the matter before the Court has proved the market value of the collateral using evidence other than the resale value of the car and thus has rebutted the presumption that the total indebtedness equalled the resale value. Plaintiff introduced evidence at trial of the N.A.D.A. Official Used Car Guide value for a 1987 Chevrolet S-10 pickup truck. The parties subsequently stipulated that the applicable N.A.D.A. entry is $6,100.00. The total indebtedness (including past due payments, late charges and repossession expenses) is $10,133.36. Judgment for the plaintiff is therefore entered in the amount of $4,033.36, representing the difference between the total indebtedness and the market value.