A08A1282. AMERICAN GENERAL FINANCIAL SERVICES, INC. v. WOODS-WITCHER.
(669 SE2d 709)

PHIPPS, Judge.

This appeal involves the application of the Virginia Uniform Commercial Code to the sale of a repossessed vehicle that had served as collateral for a loan. American General Financial Services, Inc., the secured party, brought an action against Georgia resident Shirley Woods-Witcher, the debtor, to recover the deficiency between the amount Woods-Witcher owed and the amount American General received from the sale. Woods-Witcher counterclaimed for statutory damages, arguing that American General provided insufficient notice of the sale. American General appeals from the trial court's denial of summary judgment to it on its claim; the court's grant of summary judgment to Woods-Witcher on her counterclaim; and the court's entry of a judgment awarding Woods-Witcher statutory damages. Finding no error, we affirm.

Viewed in the light most favorable to American General,[1] the evidence shows that Woods-Witcher borrowed money from American General pursuant to a revolving line of credit to finance her purchase of a vehicle. After she stopped making payments on the loan, a company hired by American General repossessed the vehicle. On

---

[1] See *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

November 13, 2002, American General provided Woods-Witcher with notice that it intended to sell the vehicle at auction on a date no earlier than December 5, 2002. On May 22, 2003, the vehicle sold for $2,400 at a dealer-only auction not open to the general public. After paying various fees related to the repossession and sale, American General applied the proceeds of the sale to Woods-Witcher's loan and sought to recover from her the approximately $20,000 that remained outstanding on the loan.

1. American General argues that the trial court erred in finding that the notice of the sale was insufficient under the Virginia Uniform Commercial Code, which the parties agree governed their loan agreement.

The Virginia Code allows a secured party to dispose of the collateral for a loan after a default.[2] Before so doing, the secured party must provide notice to the debtor of the planned disposition.[3] The notice must provide certain information, including "the method of intended disposition" and "the time and place of a public disposition or the time after which any other disposition is to be made."[4] The accuracy of this information is important because, depending on the public or private nature of the sale, the notice serves different policy functions.[5]

The notice sent to Woods-Witcher did not provide accurate information concerning the method of intended disposition. It stated that the vehicle would be sold "at [a] public sale" and that Woods-Witcher could "attend the sale and bring bidders if [she] want[ed]." The vehicle, however, was sold at a dealer-only auction that was not open to the public.[6] Moreover, the notice did not provide the specific time for the disposition, as required for the public sale indicated in the notice, but rather provided a time after which the disposition would occur, as required for a private sale.

There is no merit in American General's contention that, despite these inaccuracies, the notice nevertheless was sufficient because it followed the sample form provided in Va. Code Ann. § 8.9A-614. Subsection (3) of that Code section sets forth a sample form that,

---

[2] Va. Code Ann. § 8.9A-610 (a).

[3] Va. Code Ann. § 8.9A-611 (b).

[4] Va. Code Ann. § 8.9A-613 (1) (C), (E); see Va. Code Ann. § 8.9A-614 (1) (A) (incorporating into notice requirements for consumer-goods transaction the information required by § 8.9A-613 (1)).

[5] See *In re Phelps*, 186 BR 655, 658 (Bankr. E.D. Va. 1995).

[6] See *Ford Motor Credit Co. v. Henke*, 23 Va. Cir. 318, 320-322 (1991) (characterizing sale of vehicle at dealer-only auction as private, rather than public, sale under Virginia Uniform Commercial Code); *Gen. Motors Acceptance Corp. v. Sears*, 22 Va. Cir. 322, 323 (1990) (secured party failed to prove compliance with notice requirements of Virginia Uniform Commercial Code where method of sale indicated in notice was inconsistent with method of sale used).

"when completed, provides sufficient information," and subsection (5) of that Code section provides that a "notification in the form of paragraph (3) is sufficient, even if it includes errors in information *not* required by paragraph (1), unless the error is misleading with respect to rights arising under this title."[7] The error in information in this case, however, concerned information that was required by Va. Code Ann. § 8.9A-614 (1) (A), the method of intended disposition of the vehicle. Accordingly, the provision of Va. Code Ann. § 8.9A-614 (5) did not apply. Because American General did not complete the sample form set forth in Va. Code Ann. § 8.9A-614 (3) to provide accurate information required under paragraph (1) of that Code section, American General's use of that form did not render its notice sufficient.

Likewise, there is no merit in American General's argument that it substantially complied with the notice requirements because the other information contained in its notice was correct and met the requirements for a private sale. "A notification that lacks *any* of the information set forth in [Va. Code Ann. § 8.9A-614 (1)] is insufficient as a matter of law."[8]

Because the notice failed to provide accurate information concerning the method of intended disposition of the vehicle, and provided information concerning the time of sale that was inconsistent with its information concerning method of sale, the trial court did not err in holding that American General's notification to Woods-Witcher was insufficient under Va. Code Ann. § 8.9A-614.

2. American General contends that the trial court erred in holding, as a matter of law, that American General was not entitled to recover the deficiency between the amount it was owed on the loan and the amount it received from the sale of the vehicle.

A debtor is liable for any deficiency after a secured party has seized and disposed of collateral in accordance with the Virginia Uniform Commercial Code.[9] But "[e]very aspect of a disposition of collateral . . . must be commercially reasonable."[10] In *Woodward v. Resource Bank*,[11] the Supreme Court of Virginia held that the "failure to give the required notice of sale of collateral made the sale commercially unreasonable," giving rise to a rebuttable presumption that the collateral's value equaled the indebtedness secured and extinguished the debt.[12] This presumption could be overcome "if the

---

[7] (Emphasis supplied.)

[8] Va. Code Ann. § 8.9A-614 cmt. 2 (emphasis supplied).

[9] Va. Code Ann. § 8.9A-615 (d) (2).

[10] Va. Code Ann. § 8.9A-610 (b).

[11] 246 Va. 481 (436 SE2d 613) (1993).

[12] Id. at 487-488.

secured party prove[d] that the sale price represent[ed] the fair and reasonable value of the collateral."[13] The secured party in *Woodward*, however, failed to make this showing, and the court held the presumption was not rebutted, the indebtedness accordingly was extinguished, and the secured party was not entitled to seek a deficiency judgment.[14]

American General contends that it presented evidence giving rise to a jury question on whether the *Woodward* presumption was rebutted in this case. We disagree. Where a secured party provided insufficient notice of sale to a debtor, Virginia circuit courts have required the secured party to "prove the amount of the deficiency by proving the amount of . . . the fair market value of the collateral at the time of recovery and sale from evidence other than the sale price."[15] But American General's evidence on this issue focused solely on the price obtained in the dealer sale and the circumstances surrounding that sale.[16] American General has failed to point to evidence of the vehicle's fair market value sufficient to rebut the *Woodward* presumption that the value equaled the amount owed on the loan. The decision in *Saunders v. Equifax Information Svcs.*,[17] cited by American General, is distinguishable. The issue in *Saunders* was whether a dealer-only auction using an industry wholesale price was a commercially reasonable means of disposing of collateral,[18] and not, as here, whether the secured party produced evidence of fair market value to rebut the presumption that arose when the collateral was sold with insufficient notice.

We find no error in the trial court's ruling that American General was not entitled to seek a deficiency judgment against Woods-Witcher.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 19, 2008.

---

[13] Id. at 488 (citations omitted); see also *Rhoten v. Chevy Chase Savings Bank*, 44 Va. Cir. 124, 127 (1997) (insufficient notice of private sale is statutory breach that "makes the sale commercially unreasonable"; resulting presumption that value of collateral equals amount of secured debt may be rebutted "if the secured party establishes that the sale price represents the fair and reasonable value of the collateral") (citation and punctuation omitted).

[14] *Woodward*, supra; accord *In re Estate of Hillman*, 41 Va. Cir. 572, 579-580 (1994).

[15] *Smith v. Paige*, 19 Va. Cir. 359, 366 (1990); accord *Sears*, supra.

[16] In contrast, secured parties in other cases have presented evidence of value such as appraisals, see *In re Parrish*, 110 BR 229, 232 (Bankr. W. D. Va. 1989), and N.A.D.A. Official Used Car Guide information, see *Sears*, supra.

[17] 2006 U. S. Dist. LEXIS 71976 (E. D. Va. 2006).

[18] See id. at *29-33.

*Hunton & Williams, Amy A. Quakenboss, Brooke F. Voelzke*, for appellant.
*Sidney L. Moore, Jr.*, for appellee.