J-A10010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KRISTY FERNANDEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 3168 EDA 2024 |
| PEOPLES SECURITY BANK AND TRUST COMPANY | : : : | |

Appeal from the Order Entered November 13, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2024-18819

BEFORE: PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED JUNE 5, 2025**

Kristy Fernandez, individually and on behalf of all others similarly situated, appeals from the order sustaining preliminary objections filed by Peoples Security Bank and Trust Company ("the Bank") and striking Fernandez's complaint. We affirm based on the trial court's opinion.

We glean the following pertinent background facts from our independent review of the record. Fernandez purchased a pre-owned Dodge Durango ("Vehicle") on July 6, 2020, which was financed by the Bank. In June 2024, the Bank declared a default for Fernandez's failure to pay the monthly installment and repossessed the Vehicle. The Bank provided Fernandez with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

"Notice of Our Plan to Sell Property" ("Post-Repossession Notice") on June 10, 2024. The Bank sold the Vehicle in July 2023, and provided Fernandez with notice of the sale results ("Post-Sale Notice").

On July 31, 2024, Fernandez initiated this action by filing a complaint in class action (the "Complaint"), asserting a claim under the Uniform Commercial Code ("UCC"). The single count in the Complaint asserts the Bank violated Pennsylvania's UCC by "failing to provide proper notice of disposition of collateral" and "by failing to provide proper notice of the calculation of a deficiency or surplus." Complaint, 7/31/24, at ¶¶ 49-50.

On September 13, 2024, the Bank filed preliminary objections to the Complaint, with an accompanying brief in which the Bank maintained, in pertinent part, that Fernandez's claims failed as a matter of law for the following reasons: (1) the Post-Repossession Notice contained the exact model notice language and (2) the Post-Sale Notice claim failed because the Bank was not required to send a deficiency notice where the Bank did not attempt to collect any deficiency balance. **See** Preliminary Objections, 9/13/24, at ¶¶ 6-7, 32, 43. Fernandez filed a responsive brief in opposition to the preliminary objections. Following a review and consideration of the pleadings, the trial court entered an order sustaining the first two preliminary objections, striking the Complaint for failing to state a legally sufficient cause of action, and deeming the remaining three preliminary objections moot. **See** Order, 11/13/24, at ¶¶ 1-4. This timely appeal followed.

Fernandez raises the following issue[1] on appeal:

> … [D]id the trial court err in concluding that the Bank's post-repossession notice to Fernandez was sufficient as a matter of law under Article 9?

Appellant's Brief, at 3-4.

Our standard of review is *de novo* when reviewing an order sustaining preliminary objections seeking dismissal of an action:

> Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

_____

[1] In her Rule 1925(b) concise statement of matters complained of on appeal, Fernandez raised a second issue challenging the trial court's sustaining of the Bank's second preliminary objection related to her claim that the Bank had a duty to provide her a post-sale notice pursuant to 13 Pa.C.S.A. § 9616(b)(1)(i). However, Fernandez has not raised or addressed this issue in her appellate brief. Accordingly, any such claim is waived. ***See Commonwealth v. Heggins***, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived."); Pa.R.A.P. 2116(a). Moreover, as aptly addressed by the trial court in its opinion, the issue would not merit relief in any event. ***See*** Trial Court Opinion, 12/20/24, at 7.

*Fiedler v. Spencer*, 231 A.3d 831, 835-36 (Pa. Super. 2020) (citations omitted). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the preliminary objections will result in the denial of claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt." *Hill v. Ofalt,* 85 A.3d 540, 547-48 (Pa. Super. 2014) (brackets and citation omitted).

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the Honorable Todd D. Eisenberg, we conclude Fernandez's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented.[2]

Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

_____

[2] We make only one observation to supplement the trial court's thorough opinion. The only case cited by Fernandez dealing with an automobile post-repossession notice is *Am. Gen. Fin. Servs, Inc. v. Woods-Witcher*, 669 S.E.2d 709 (Ga. Ct. App. 2008). Fernandez's reliance on this case is misplaced. "[I]t is well-settled that this Court is not bound by the decisions of … other states' courts ..." *Eckman v. Erie Ins. Exch.*, 21 A.3d 1203, 1207 (Pa. Super. 2011) (citation omitted). "We recognize that we are not bound by these cases; however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." *Id.* (citation and quotations marks omitted). We do not find *Woods-Witcher* useful as the facts are inapposite. There, the Georgia Court of Appeals addressed a post-repossession notice that was clearly insufficient with substantial deviations from the model statutory form provided under the Virginia UCC. *See id*. at 711. Here, as noted by the trial court, the post-repossession notice utilized by the Bank complied with the required safe harbor language from the Pennsylvania statute.

- 5 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/5/2025</u>