J-A10010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KRISTY FERNANDEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : | No. 3168 EDA 2024 |
| PEOPLES SECURITY BANK AND TRUST COMPANY | : : : | |

Appeal from the Order Entered November 13, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2024-18819

BEFORE: PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED JUNE 5, 2025**

Kristy Fernandez, individually and on behalf of all others similarly situated, appeals from the order sustaining preliminary objections filed by Peoples Security Bank and Trust Company ("the Bank") and striking Fernandez's complaint. We affirm based on the trial court's opinion.

We glean the following pertinent background facts from our independent review of the record. Fernandez purchased a pre-owned Dodge Durango ("Vehicle") on July 6, 2020, which was financed by the Bank. In June 2024, the Bank declared a default for Fernandez's failure to pay the monthly installment and repossessed the Vehicle. The Bank provided Fernandez with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

"Notice of Our Plan to Sell Property" ("Post-Repossession Notice") on June 10, 2024. The Bank sold the Vehicle in July 2023, and provided Fernandez with notice of the sale results ("Post-Sale Notice").

On July 31, 2024, Fernandez initiated this action by filing a complaint in class action (the "Complaint"), asserting a claim under the Uniform Commercial Code ("UCC"). The single count in the Complaint asserts the Bank violated Pennsylvania's UCC by "failing to provide proper notice of disposition of collateral" and "by failing to provide proper notice of the calculation of a deficiency or surplus." Complaint, 7/31/24, at ¶¶ 49-50.

On September 13, 2024, the Bank filed preliminary objections to the Complaint, with an accompanying brief in which the Bank maintained, in pertinent part, that Fernandez's claims failed as a matter of law for the following reasons: (1) the Post-Repossession Notice contained the exact model notice language and (2) the Post-Sale Notice claim failed because the Bank was not required to send a deficiency notice where the Bank did not attempt to collect any deficiency balance. **See** Preliminary Objections, 9/13/24, at ¶¶ 6-7, 32, 43. Fernandez filed a responsive brief in opposition to the preliminary objections. Following a review and consideration of the pleadings, the trial court entered an order sustaining the first two preliminary objections, striking the Complaint for failing to state a legally sufficient cause of action, and deeming the remaining three preliminary objections moot. **See** Order, 11/13/24, at ¶¶ 1-4. This timely appeal followed.

Fernandez raises the following issue[1] on appeal:

> … [D]id the trial court err in concluding that the Bank's post-repossession notice to Fernandez was sufficient as a matter of law under Article 9?

Appellant's Brief, at 3-4.

Our standard of review is *de novo* when reviewing an order sustaining preliminary objections seeking dismissal of an action:

> Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

_____

[1] In her Rule 1925(b) concise statement of matters complained of on appeal, Fernandez raised a second issue challenging the trial court's sustaining of the Bank's second preliminary objection related to her claim that the Bank had a duty to provide her a post-sale notice pursuant to 13 Pa.C.S.A. § 9616(b)(1)(i). However, Fernandez has not raised or addressed this issue in her appellate brief. Accordingly, any such claim is waived. **See Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived."); Pa.R.A.P. 2116(a). Moreover, as aptly addressed by the trial court in its opinion, the issue would not merit relief in any event. **See** Trial Court Opinion, 12/20/24, at 7.

***Fiedler v. Spencer***, 231 A.3d 831, 835-36 (Pa. Super. 2020) (citations omitted). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the preliminary objections will result in the denial of claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt." ***Hill v. Ofalt,*** 85 A.3d 540, 547-48 (Pa. Super. 2014) (brackets and citation omitted).

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the Honorable Todd D. Eisenberg, we conclude Fernandez's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented.[2]

Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

_____

[2] We make only one observation to supplement the trial court's thorough opinion. The only case cited by Fernandez dealing with an automobile post-repossession notice is ***Am. Gen. Fin. Servs, Inc. v. Woods-Witcher***, 669 S.E.2d 709 (Ga. Ct. App. 2008). Fernandez's reliance on this case is misplaced. "[I]t is well-settled that this Court is not bound by the decisions of … other states' courts ..." ***Eckman v. Erie Ins. Exch.***, 21 A.3d 1203, 1207 (Pa. Super. 2011) (citation omitted). "We recognize that we are not bound by these cases; however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." ***Id.*** (citation and quotations marks omitted). We do not find ***Woods-Witcher*** useful as the facts are inapposite. There, the Georgia Court of Appeals addressed a post-repossession notice that was clearly insufficient with substantial deviations from the model statutory form provided under the Virginia UCC. ***See id***. at 711. Here, as noted by the trial court, the post-repossession notice utilized by the Bank complied with the required safe harbor language from the Pennsylvania statute.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/5/2025</u>

Case# 2024-18819-13 Docketed at Montgomery County Prothonotary on 12/20/2024 12:27 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY
COUNTY, PENNSYLVANIA
CIVIL DIVISION**

KRISTY FERNANDEZ, individually  :     NO. 2024-18819
and on behalf of all others similarly  :
situated                         :
                                 :
         V.                      :
                                 :
PEOPLE'S SECURITY BANK AND       :
TRUST COMPANY                    :

### O P I N I O N

EISENBERG, J.                            December 20ᵗʰ,2024

Kristy Fernandez has appealed to the Superior Court of

Pennsylvania from this court's Order dated November 13, 2024, sustaining

Appellee's Preliminary Objections, and dismissing the case. We believe

that this appeal is without merit.

### Background

This case was initiated via a Complaint in Class Action filed on July

31, 2024. Upon stipulation by the parties, the response deadline was

extended to September 13, 2024. (Stipulation, August 14, 2024).

Defendant filed the Preliminary Objections that are the subject of the

present appeal on September 13, 2024, along with a corresponding brief.

Plaintiff filed a response brief in opposition to Defendant's Preliminary Objections on October 3, 2024. Upon review and consideration of the pleadings before the Court, this Court sustained Defendant's Preliminary Objections by Order dated November 13, 2024.

The Complaint asserts a claim under the Uniform Commercial Code following Defendant's repossession of Plaintiff's vehicle. The single Count in the Complaint states that Defendant "violated Pennsylvania's UCC by failing to provide proper notice of disposition of collateral" and "violated Pennsylvania's UCC by failing to provide proper notice of the calculation of a deficiency or surplus."

Defendant raised a number of Preliminary Objections in the motion. This Court granted the first two objections, thereby deeming the remaining objections moot.

Appellant filed the instant timely Notice of Direct Appeal on November 18, 2024, with the Superior Court of Pennsylvania. By order dated November 21, 2024, the undersigned directed Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On November 26, 2024, the court received Appellant's 1925(b) statement. In her concise statement Appellant asserts the following:

2

Case# 2024-18819-13 Docketed at Montgomery County Prothonotary on 12/20/2024 12:27 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1. Defendant used the template form of safe harbor notice set forth in the Uniform Commercial Code, 13 Pa. C.S.A 9614(3), but failed to properly complete the form in a manner that would adequately describe Plaintiff's liability for a deficiency, as Defendant did not specify whether Plaintiff either "will" or "will not" be liable for a deficiency. In sustaining Defendant's First Preliminary Objection, did the Court err in concluding that Defendant's post-repossession notice to Plaintiff was sufficient as a matter of law under 13 Pa. C.S.A 9614(1)(ii)?

2. The duty to send a proper post-sale notice under the Uniform Commercial Code, 13 Pa. C.S.A 9616(b)(1)(i), arises "before or when the secured party accounts to the debtor and pays any surplus[.]" This duty was triggered here when Defendant sent Plaintiff the post-sale notice that included a check with the surplus sale proceeds. In sustaining Defendant's Second Preliminary Objection, did the Court err in concluding that Defendant was not required to send Plaintiff a post-sale notice under 13 Pa. C.S.A 9616(b)(1)(i)?

3

Case# 2024-18819-13 Docketed at Montgomery County Prothonotary on 12/20/2024 12:27 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## DISCUSSION

Appellant asserts in her first allegation of error by the Court, that Appellee failed to provide proper pre-disposition notice, as required by 13 Pa.C.S.A. 9614. More specifically, in her concise statement, Appellant alleges that the deficient language did not specify whether Appellant "will" or "will not" owe the money in the event of a deficiency. Appellant's argument is without merit.

The specific language of the safe harbor provision of 13 Pa.C.S.A 9614 used by Appellee in the pre-disposition notice is as follows: "{3} The money that we get from the sale, after paying our costs, will reduce the amount you owe. If we get less money than you owe, you (will or will not, as applicable) still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else." 13 Pa.C.S.A 9614(a)(3). The language of the notice sent by Appellee and received by Appellant states "[i]f we get less money than you owe, you (will or will not, as applicable) still owe us the difference." (Defendant's Preliminary Objections, Exhibit B).

It is clear from rules of statutory construction that "words and phrases shall be construed according to the rules of grammar and according to their common and approved usage..." 1 Pa.C.S.A., 1903(a).

4

Furthermore, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly...[w]hen the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. 1921(a)&(b). In constructing the Notice (safe harbor) provision of 13 Pa.C.S.A 9614 the legislature chose to use the phrase "(will or will not, as applicable)" regarding debt collector's potential to collect less than the amount owed. The legislature did not choose to separate the words "will" or "will not" with parentheses as is often the case when the directive is for the reader of the statute to choose one option or the other. Rather, the legislature chose to link the words as one phrase, offering that the decision will be determined "as applicable" depending on the outcome of the sale. *Id.* As indicated in Appellee's Brief accompanying the Preliminary Objections:

> no one can describe with accuracy the Borrower's liability for a deficiency because at the time the Post-Repossession/Pre-Sale Notice is prepared and delivered to Borrower the private sale has yet to occur and no one can predict what a future sale of collateral will yield; that is why the model language is worded in such a fashion to advise that if the Bank gets less money than is owed, the Borrower may owe the difference. This is exactly what Exhibit B states..." (Brief in support of Preliminary Objections, p. 10).

As such, Appellee's Post-Repossession notice clearly complies with the required language of the safe harbor notice provision.

5

Case# 2024-18819-13 Docketed at Montgomery County Prothonotary on 12/20/2024 12:27 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Appellant's next allegation of error asserts that the Court erred when sustaining Appellee's second Preliminary Objection regarding the Post-Sale notice sent to Appellant. This Court sustained the Preliminary Objection as the post-sale notice, attached as Exhibit C to Appellee's Preliminary Objections, complies with the statutory requirements. The language of Appellant's concise statement states that Appellee did in fact send a post-sale notice, yet suggests that the Court erred in concluding that Appellee was not required to send a post-sale notice under 13 Pa.C.S.A 9616(b)(1)(i). It is therefore unclear what allegation of error Appellant is asserting.

The language of 12 Pa.C.S.A 9616(b)(1)(i) requires that:

(b) Explanation of calculation: In a consumer-goods transaction in which the debtor is entitled to a surplus or a consume obligor is liable for a deficiency under section 9615 (relating to application of proceeds of disposition; liability for deficiency and right to surplus), the secured party shall comply with one of the following paragraphs:

(1) Send an explanation to the debtor or consumer obligor, as applicable, after the disposition and:

(i) before or when the secured party accounts to the debtor and pays any surplus or first makes demand in a record on the consumer obligor after the disposition for payment of the deficiency; and

(ii) within 14 days after receipt of a request

6

Additionally, the statute defines "explanation" as follows:

> [a] record which: (1) states the amount of the surplus or deficiency; (2) provides an explanation in accordance with (c) of how the secured party calculated the surplus or deficiency; (3) states, if applicable that future debits, credits, charges, including additional credit service charges or interest, rebates and expense may affect the amount of the surplus or deficiency; and (4) provides a telephone number or mailing address from which additional information concerning the transaction is available." 13 PaCSA 9616 (a).

Appellee sent a Post-Sale letter in compliance with 13 Pa.C.S.A. 9616(b)(1)(i) to Appellant, on July 3, 2024, indicating that the vehicle at issue had been sold, along with a check for the surplus amount owed to Appellant. In further compliance, Appellee followed the elements necessary for an "Explanation" including in the letter, the amount of the proceeds, the amount that was needed to payoff of the loan, the repossession fee, and any possible miscellaneous fees taken before providing the final surplus amount. (Defendant's Preliminary Objections, Exhibit C). The letter additionally indicates that a cashier's check in the monetary amount indicated was included, and concludes with a phone number should Appellant have any additional questions. *Id.* All of the necessary required elements appear in the letter received by Appellant, along with a check in the amount of $3,527,52. Furthermore, it would have

7

Case# 2024-18819-13 Docketed at Montgomery County Prothonotary on 12/20/2024 12:27 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

been impossible for Appellee to comply with the deficiency requirements of 13 Pa.C.S.A. 9616, as there was not a deficiency following the sale.

## CONCLUSION

For all of the foregoing reasons, we believe that this court's order of November 13, 2024, should be upheld.

BY THE COURT:

_____

**TODD D. EISENBERG, J.**

Copies of the above Order provided to the following on
Court Administration (interoffice mail)
Cary Flitter, Esquire
Jody Thomas Lopez-Jacobs, Esquire
Joseph L. Daniels, Esquire
Prothonotary (interoffice mail)

_____
Secretary

Case# 2024-18819-13 Docketed at Montgomery County Prothonotary on 12/20/2024 12:27 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

8